Case 13-5647 Paula Shaw v. Tennessee Dept of Transportation Oral Argument 15 minutes per side Mr. Janney for the appellant You may proceed I'd like to observe 5 minutes for rebuttal please That's fine May it please the court My name is Doug Janney I'm here on behalf of the appellant Paula Shaw This is a retaliatory discharge from employment case brought under Title 7 The Rehabilitation Act and the Family and Medical Leave Act Ms. Shaw was a long time employee of the state of Tennessee Worked there since 1989 Initially in a career service position And then she was promoted to an executive service position About 6 years before she was discharged And the issues in this case are whether she was demoted in retaliation For complaining about race and gender discrimination And discharged for complaining about race and gender discrimination And or for requesting reasonable accommodation in the form of medical leave And or for exercising FMLA leave It's undisputed that she engaged in legally protected activities When she reported race and gender discrimination In a July 16, 2010 memorandum To the Human Resources Division and to the Civil Rights Division It's undisputed that she suffered the adverse employment actions Of number one a demotion with a significant loss in pay And number two a discharge The issue that the appellee raises is causation And as the court is aware Where there is very close temporal proximity between a protected activity And an adverse action Combined with additional evidence That's sufficient to establish a prima facie case of retaliation Under all three statutes That was done here There's close temporal proximity under the law of this circuit And shortly after Ms. Shaw had reported Not only her concerns in the department about race and gender discrimination But attached written statements from two African American female employees Saying that another employee in the department Was using racially derogatory remarks towards them And saying inappropriate things And subjecting them to a hostile work environment She reported these things And then her supervisor when she pressed She said in accordance with TDOT's policy I want an investigation I want a response to my complaint Let's divide this into three different areas if we might Let's talk about the demotion Then the termination And then whether she was somehow inoculated from being terminated Because she was on FMLA leave I want to ask you about the first one The demotion I understand the principle that perhaps a good offense is the best defense But this is an extraordinary charge it seems to me To say that under Nassar You can say that her complaints back in June Were the but-for cause of her termination When both the external and the internal audit Show she had to have been the worst manager In the state of whatever state this is In connection with that intermodal job I just don't get that at all Under the but-for test Your honor, those reasons are unworthy of credence The fact that she had to be investigated by the state And by the feds And the feds say that there was complete and utter mismanagement Of her department Is without justification Or whatever word you just used That's astounding Yeah, it's unworthy of credence Because if that were the case If she had engaged in this grave misconduct In which they said that she engaged Only after she filed a lawsuit two years later Why didn't they say anything to her about it At the time that it occurred? Give her a chance to respond to these allegations Just like they did for every other manager Who was accused of violating Or having bad audits and things like that It just defies common sense That these grave violations of the law And this grave misconduct and performance problems Would happen And then number one They don't tell her when it happens Number two The Tennessee Department of Labor separation notice says Subject to penalty of perjury You have to state the reason for the discharge And they didn't do it I don't see anywhere where she actually disputes The results of either the internal or the external audit Did I miss that someplace? Yes, she does dispute it Because they never mentioned anything about it It's made up You're changing the question You're saying she disputes that that was the cause of her termination I understand your argument It doesn't make any sense to me But I understand the argument I'm asking you Does she dispute the accuracy of Not what they did with it Does she dispute the accuracy of The internal and the external audit results? Yes, she does Those are exaggerated She disputes the accuracy of those She disputes that she was responsible for them That she engaged in any of that Sherry Carroll, another employee in the department Had responsibility for some of the things For which they blamed on Ms. Shaw Later on after she filed a lawsuit against them But the most important thing is Does the good faith belief rule apply in this sense? In this case? No, sir Because they're not contending they made a mistake That they honestly believed What happened is That they've alleged these things And they were required They don't have to contend that there was a mistake And they believe They don't have to admit that there's a mistake The good faith rule says This is why we did it We did it in good faith It doesn't really matter whether it's right or wrong So in other words If they did it because of the audit And I just don't see how anybody could say That this audit didn't provide a basis for discharge Whether it was her fault or not If they did it because of the audit And if the good faith rule applies Then it seems to me That's the end of at least the demotion case So I don't want to take up any more time on this You've gotten my sense So what's the response? My response is, your honor Is that reason is unworthy of credence And it appears that the court There's more than one way to prove pretext You don't just have to prove That the reasons are false You can prove that they did not Actually motivate the discharge And all you have to do Is present evidence from which A reasonable jury could conclude That those reasons did not Actually motivate the discharge Now, how do we do that? Because, number one They never said anything to her about it At any time Before she filed a lawsuit Never What requires them to do that? Two things, your honor Number one The Tennessee Department of Labor Separation notice Which we block quoted in our brief States that you state Under penalty of perjury The reason for the discharge And they didn't utter one word That any reasonable person Could understand As being gross misperformance Misfeasance, violations of the law These things they said Number two The EEOC The federal A federal government agency Specifically asked them Are there cases which say That in dismissal at will They can't just say We no longer want you? I mean, they can say Whatever they want The question is My question is Are there cases which say That that statutory provision That you just cited to us Apply when there's a dismissal at will And the employer merely says I no longer want to keep you? I do Well, I think it raises a genuine issue There are no cases My question is Whether there are cases Are there cases that say that or not? I'm not sure whether cases say that But It would seem unlogical That there would be That's why I'm asking You seem confident That that requires an explanation But it seems to me If you're dismissed at will They say We no longer need you I'm just wondering That's a statement I don't know whether That's a formal requirement That they send something Whether the cases have held That it has to be a substantive This is what you did This is why we exercised Our discretion Blah blah blah blah I don't know if there are cases That say that But I know if I'm an employer And I'm asked under penalty of perjury To state the reason for a discharge And if I'm going to contend It's performance I'm going to say Poor job performance And second What's the other? The EEOC charge Let me do that as an individual But if you know anything about HR HR tells their employers The people that work for them Don't give reasons In connection with at will employees Are you familiar? That's the advice you get from HR? There's no evidence that that was the case I'm not saying that here You want to make this sweeping statement About if I If it was me This is what I would do I'm just suggesting to you As long as we're outside the record here That is not what HR advises people to do I think it varies I would think telling the truth Is the best thing And the EEOC specifically requested This employer state the reason for the discharge How do you get around that? This is the problem we get When all of a sudden We're saying what you think Or what I think When there's no support For what either of us Are saying in the record So let's just sort of Confine ourselves to the record Okay Well a reason Let's do that This reason is unworthy of credence Because a reasonable jury Could find that If she in fact engaged In these grave allegations Of misconduct and poor performance That they would have stated it To her when it happened That they would have stated it On the separation notice And most importantly That they would have said it In response to the EEOC charge They said nothing of the sort Moreover They said the opposite They said the opposite When they demoted her They commended her for a job well done That's in the minutes of the meeting Commended her for a job well done Quote unquote This happens the day after The first audit results come in Why did she think That she was being moved out Of the one job And parked in the other job On that day Because just like she complained On January 26, 2011 She felt like she was being retaliated against For having complained About race and gender discrimination It didn't have a darn thing To do with the audit She didn't know anything about the audit They never told her anything About this audit Gave her a chance to respond To any of the allegations in it It was nonexistent Before two years Before this lawsuit And it still isn't finished The audit is still going on They're auditing her department An internal department While she's there And she didn't know anything About even an ongoing audit She didn't know about the audit She didn't know about the results Of any audit They never told her About the results I didn't ask you about the results You say she didn't know anything about it So now I'm asking you She didn't even know That there was an audit ongoing She may have known That there was an audit Just by being in the department I'm not sure If the record has evidence of that But I do know That she didn't know About the results of any audit And was never told about any results And never given the opportunity To respond That might be true You made some statements About not being able to respond Like other people Who were being audited And not being And you made another statement        Of the audit But being treated differently From someone similarly situated Right? There was not specific evidence There was evidence Ms. Shaw testified That other managers When audits came in Were given the opportunity To respond to audits That's just the practice there When an audit comes in The manager Did she name anybody? Do we know anybody Similarly situated? Sherry Carroll Would be the only person She named That got an opportunity To respond Was any evidence put into the record As whether she was Similarly situated? In other words Same supervisor Same manager Same results of the audit Do we know anything about that? Yeah, Joe Carpenter Was the supervisor of both of them And she took Ms. Shaw's position When Ms. Shaw was demoted And they were in the same department And then what? And then And then Ms. Shaw was demoted And then Ms. Carroll took over And, you know I think the main thing is here Is this reason There's evidence There's substantial   Did not actually motivate The discharge I understand what you're saying But you're relying on the fact That they didn't There are certain There are certain There are certain There are certain There are certain There are certainly Cases that say If you give a different Reason at the time Then that's Evidence of Under the right circumstances It can be evidence of pretext I understand you're relying On those cases But I'm trying to find out If you're also saying That she was treated differently From similarly situated Your Honor We are saying That there is some evidence That based on Ms. Shaw's testimony  Got an opportunity to respond And Sherry Carroll Is one of them But, by far and away By far and away Our strongest argument Is that there really Is a pretext That the defendant The district court Thought that you had to prove That the reason was false That's one way Of proving pretext The other way Is what your Honor Is getting at Treated differently But the main way The thing that we're Hanging our hat on here Is that there is Substantial material evidence In this record That the asserted reasons That were asserted After the lawsuit was filed Did not actually Motivate the discharge Okay, so let me ask you a question I understand what you're saying You have somebody The other thing That you're saying Is that you Are you saying That you dispute The findings of the audit? She disputed that After the lawsuit was filed That they were exaggerated That she wasn't Responsible for them That Joe Carpenter Was responsible for them He was the manager Of the division That Sherry Carroll Was responsible for some of these But, let's just We do dispute it But let's just say Even if we didn't You can still prove pretext Okay, so you have a situation Where there is an audit That finds Forget about dishonesty Or misconduct They just find mismanagement That things weren't Nobody was watching the store And she's the manager So, hypothetically Why wouldn't they Have removed her From that position? Why wouldn't they have Demoted her Or put her someplace else? If she's not capable Of managing the department? Because they had Other motives Instead of giving her A chance to respond To the audit findings To talk about them And explain Give an explanation For why she allegedly Didn't manage something properly They demoted her In retaliation For her prior complaints And her complaints Were shortly before The adverse actions Now, another important point is They say they demoted her For that reason And then for three to four months She was performing An executive Administrative assistant job And it's undisputed That her performance Was satisfactory And acceptable In that job at all Subsequent reports came in During that period, right? But the subsequent reports Didn't say anything That the initial final report Didn't say The initial final report That they received On January 7, 2011 Before she requested It makes sense To take action After three reports When you don't take it After one I mean, right?  You suggest She only gets terminated Three weeks After the external audit Results come in It's not like they parked her In this position And she's the manager Of the department And she's there For three months Doing a great job First of all She wasn't there that long Because she took leave But they terminate her Three weeks after They get the external audit Which confirms The internal audit No, but they terminate her For something For which they had Already demoted her And cut her pay She had already been demoted So, in other words You do a terrible job  The employer says In one job They park her In another job While they're waiting The results of these two audits And then they can't Terminate her From that job Because she's doing A good job In that job That's the essence Of your argument Well, a reasonable jury Could find If she's performing Acceptably And doing a good job In that executive Administrative assistant job Why didn't they let her Continue doing that job She was no longer Even in the multimodal division No longer had any Management responsibilities The punishment Had already been inflicted They had already demoted her And substantially I think we understand Your position And your time is up But I'd like to ask About the Go ahead Nicholson Did they ever Do an investigation They did And they found And it's undisputed That his allegations Were completely unsubstantiated No, no Not his allegations Her allegations Against him No They never They had a duty To investigate And to provide a response And they never did either Could you address The FMLA And in particular If If you assume Which you don't But if you assume That a company Is moving Towards a position Where discharge Is appropriate Like we got one report But we wait But when we get Three reports Then the Decision is made If you have that type Of situation Is It Does the FMLA Preclude you From firing that person While they happen To be on Extended FMLA leave I'm sorry your honor Does the FMLA Okay you're on FM The The Developments Are moving Towards a Position where the Company is going To fire somebody And they finally Mature while the Person is on FMLA leave Do they have to Wait and wait Until the person Comes back Or can they fire Them while they're On FMLA leave I think Under the FMLA Not under the Discrimination The FMLA requires Job restoration And Regardless of Whether they're Fired in the meantime I thought there were Cases that say you Could fire them While they're gone If there's Reasons Well I think You have to look At the job from Which the person Took I'm asking a Simple question You don't have Much time If it Mature in the Abstract situation That I described Can you fire Them while they're On FMLA leave Or does FMLA Leave just say You can't fire Them no matter What you got to Wait until they Come back There are certain Circumstances in Which an Employee can be Fired Right but You can still Raise questions As to the Legitimacy of that And whether it's Pretext You can because You can say You can go through The kind of analysis We've been going Through but I'm Just wondering If you lose On some of These other Issues whether You can still Win on your FMLA leave Issue just Because they Happen to do it While they're On FMLA leave That's what I'm Wondering whether That's the case Or not and if You have support For that Yeah our position On that is that There was that They have no Legitimate nondiscriminatory Reason for firing Her from a Position from which It is undisputed That she was Performing acceptably And satisfactory The position from Which she took The leave Okay so it's Not really any Different from the Arguments you're Making with respect To the other Claims which is That they didn't Have a basis for Firing her I was trying to See I was trying to Tease out whether You had a kind of An independent Freestanding claim Based on the fact That she happened To be on FMLA Leave when they Fired her Yeah it's just The job restoration Requirement that If an employee Takes FMLA leave You have to Restore them The same or Equivalent job Position upon their Timely return If you had Reason to fire Her to begin With independent Of being on FMLA leave And I know you Claim that that's Not their reason I get that But assuming that They had a right To fire her Even under Your theory She goes on FMLA leave You say they Can't fire her In the meantime They have to Wait for her To come back And restore her To that position Can they fire her That day that She comes back Assuming that The reasons are Legitimate They probably can But they bear The burden of Proof on that issue So then what Is the problem here In other words Back to judge Rogers question If they had the Right to demote Her and fire her And I know you Dispute that But if we find They did Then even if You are right That she had the Right to return To the job Before she got Fired How can she Prove any Damages If in that Instance she Would have been Fired the day She came back Anyway It's just a Question I ask you about Damages You answer about Motivation I'm sorry your honor I just I didn't understand Never mind Thank you Thank you May it please The court My name is Jay Ballard I'm from the Tennessee attorney General's office In Nashville Tennessee We represent The department Of transportation In this action And of course We respectfully Request that This court Affirm the Decision of The district Court Which granted Summary judgment In favor of The department And denied Partial summary judgment On behalf of Ms. Shaw The district Court Maybe you can  The cases Certainly say That you Can Prove pretext By showing That there Are shifting Reasons for The action You have a Situation Where you Have a Situation Where the Easiest thing In the world Would have been To say You don't have To say Misconduct I mean Mismanagement We have Audits There's Indications That the Department Isn't being Run well They have Opportunity After opportunity To just Simply say That And you Never hear This reason Until She brings The action That's So why Is that Not enough And my Second question Is How on Earth Do you Explain Never Doing an Investigation About this Guy where You have Three people Talking about His Conduct She's Following up To the Civil rights Division She tells Them no This is a Complaint And they Just ignore So those Are my Two questions Yes your Honor with Regard to Shifting Justifications Your honor Is obviously Correct when Stating that Shifting Justification Can be Pretext In this Instance There was No shifting Justification The original Response that Was given To the Plaintiff Ms. Shaw As to Why she Was being Removed If we're Talking about Termination or Removal I guess I'll Just talk About the Termination At this Point The reason That she Was being Removed Was because The executive Service term Had ended Now it is Certainly true That executive Service  Is the Term of The executive You stay In that Position Until the Executive Deems otherwise There is Evidence on The record As Ms. Linville The HR Director States When you Fire an Executive Service Employee You use The language Expiration Of term That's the Term of The Executive Service It's my Fault Obviously But as You pointed Out earlier Your Honor That with Regard to When you're Letting someone Go the Employer is Not required To give a Reason In that Employment And that Was the Case here So they Didn't give Her a Reason The Audit Had just Come out On November 3rd She was Removed On November 4th It was Fairly obvious Why that Was happening Then when You move Forward She was Demoted On November 3rd Yes Your Honor I apologize Again She was Demoted On November 4th When she Was ultimately Terminated On March But she Wasn't told Why she Was demoted They Didn't they What did They tell her The testimony From her Supervisor Is that he Said the Department Was in Turmoil She'd given A good Effort But that They needed To go A different Direction And they Didn't Have any Time to Tell her The truth They  Have Time To Tell her The truth I Don't Know What They Said She Was Fired On November 4th I Don't Know What They Said She  Fired        They Said She Was Fired On November 4th I Don't Know What They Said She Was Fired On November  I Don't Know What   She Was Fired  November 4th I Don't November 4th   Know What They Said She Was Fired On November 4th I Don't Know What They Said She Was Fired  November 4th I  Know      Fired On November 4th I Don't Know What They Said She Was Fired On November 4th I Don't  What They Said She   I Don't Know What  Said She Was Fired On November 4th I Don't Know What They Said She Was Fired On November 4th  Don't Know What They  She Was    4th I Don't Know What They Said She Was Fired On November 4th I Don't Know What They  She Was Fired Said She  Fired November 4th   I  Know What They Said